### HARRISON v. TRADER AND WIFE.

APPEALS—*when transcript must be filed.* The appellant will not be permitted to *file* in this court the transcript of the record after the term to which the appeal was taken, *except* upon a showing of due diligence, and upon notice to the appellee.

Where the appeal was taken November 19, 1867, and the transcript filed July 8, 1869, and there is no such showing, or leave of court, the *appeal* is considered as not having reached this court, and the cause is stricken from the docket.

### *Appeal from Phillips Circuit Court.*

Hon. JAMES M. HANKS, Circuit Judge.

J. C. PALMER, for appellant.

ENGLISH, GANTT & ENGLISH, for appellees.

HARRISON, J.

The appellees have filed a motion to dismiss the appeal in this case, upon the ground that the appellant had failed to prosecute the same by filing the transcript within the time prescribed by the statute.

The appeal appears to have been taken on the 19th day of November, 1867, but the transcript was not filed until the 8th day of July, 1869, and then without leave of the court.

Although, as was decided in *Clay's Ad. v. Notrebe's Ex.*, 11 *Ark.*, 631, the appellant does not necessarily forfeit his appeal by failing to file the transcript in the time prescribed by law, he will only be permitted to file it after the term to which it was taken, upon showing that he has used due diligence, and that the failure was not owing to laches or neglect, and after notice to the appellee of his application.

The transcript, not having been filed until more than a year after the term to which the appeal was taken, without such showing, or the leave of the court, the appeal has not yet reached this court, and the case is therefore improperly upon the docket, and will be ordered to be stricken from it.